UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                   CRIMINAL NO. 05-40012 FDS

ANTHONY P. RAYMOND

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

<u>ARGUMENT</u>

In this case the defendant Anthony Raymond moves to dismiss the indictment which charges him with contempt.

Due process and the Sixth Amendment require that a defendant be informed of the nature and cause of the accusation and the potential penalty. A criminal statute must state the nature of the offense with reasonable certainty and the essential elements of the offense including the penalty so that the defendant does not have to guess or speculate as to the proscription and meaning of the Statute. The Statute in this case fails to inform the defendant of the penalty for violation of the statute so that he can be knowledgeable as to the consequence of a violation. In this case the Statute is overly broad and unconstitutionally vague in that it lacks explicit standards necessary to avoid arbitrary and discriminatory application of law.

Notice is a bedrock principle under the Due Process Clause and the Sixth Amendment. See <u>Simmons v. South Carolina</u>, 512 U.S. 154, 175 (1994) "... sentencing proceedings must of course satisfy the dictates of the Due Process Clause, and one of the hallmarks of due process in our adversary system is the defendant's ability to meet the State's case against him." See also <u>Clemons v. Mississippi</u>, 494 U.S. 738, 746 (1990); <u>United States v. Kurka</u>, 818 F.2d 1427, 1431 (9th Cir.) .

Title 18 USC § 401 provides in pertinent part:

> A Court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as --(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

The statute which creates the crime of contempt allows the Court to imprison or fine a defendant but does not specify the period minimum or maximum term of imprisonment which therefore, theoretically could be up to life in prison.   Where the statute fails to specifically provide for a specific punishment for a violation thereof, there can be no punishment imposed upon a conviction for the violation of such statute.

Under 18 U.S.C. § 401, a Court is given the power to punish by fine or imprisonment "such contempt of its authority" as, *inter alia*, "misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice" or "disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Many of these contempt cases will involve acts that are similar to those that occur in the case of obstruction of justice, such as inducing a prosecution witness to leave the jurisdiction, refusing to answer a question when ordered to do so by a judge, bribing a witness, or persisting in the assertion that one cannot recall a certain event. On the other hand there are other cases that look quite unlike obstruction.  Such as those involving the disruption of proceedings or the abuse of a juror. What "type" of contempt is not specified in the statute and whether the "punishment" makes the offense a felony or a misdemeanor is not covered in the statute.  Such vagueness violates due process of law

When, as in this case, a witness is granted immunity and ordered to testify, refusal to testify may result in penalties for criminal contempt to punish the disobedient conduct of the witness. <u>United States v. Armstrong</u>, 781 F.2d 700, 705 (9th Cir. 1986)

While  "Criminal contempt is established when there is a clear and definite order of the Court, the contemnor knows of the order,  and the contemnor willfully disobeys the order." <u>United States v. Powers</u>, 629 F.2d 619, 627 (9th Cir. 1980).  The punishment in the statute remains vague and the contemnor is not informed of the nature or extent of his punishment.

In order to establish some uniformity and consistency to the extent and nature of the punishment the Federal Sentencing Guidelines provided as follows:

Chapter 2 - PART J - OFFENSES INVOLVING THE ADMINISTRATION OF JUSTICE §2J1.1. <u>Contempt</u>
<u>Apply §2X5.1 (Other Offenses).</u>
<u>Commentary</u>

Statutory Provisions: 18 U.S.C. §§ 401, 228. For additional statutory provision(s), see Appendix A (Statutory Index).

*Application Notes*:

*1. InGeneral*.—Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent, the Commission has not provided a specific guideline for this offense. In certain cases, the offense conduct will be sufficiently analogous to §2J1.2 (Obstruction of Justice) for that guideline to apply.

Also, section 401 of Title 18 provides that a court may not both fine and imprison a contemnor for a single act of criminal contempt. In re Bradley, 318 U.S. 50, 51 (1943); United States v. Hilburn, 625 F.2d 1177 (6th Cir. 1980); United States v. DiGirlomo, 548 F.2d 252 (8th Cir. 1977); MacNeil v. United States, 236 F.2d 149, 154 (1st Cir.), *cert. denied*, 352 U.S. 912 (1956).

Pursuant to the guidelines, some acts of contempt are treated as civil, others as criminal. If the purpose of the contempt proceeding is to compel obedience to a court order or give substitute relief to the opposing party, then it is regarded as civil. If, on the other hand, the purpose of the contempt proceeding is to vindicate the authority of the Court and to punish the contemnor for his conduct, it is regarded as criminal. Both the contempt and obstruction statutes trace their origins to the Judiciary Act of 1831. In the original legislation, contempt was limited to in-court conduct in defiance of the Court (such as refusals to answer specific questions while on the stand), while obstruction was limited to out-of-court conduct (such as destruction of evidence). Under modern law, however, contempt sanctions can be imposed for both in-court and out-of-court conduct. Nevertheless, contempt and obstruction are still commonly viewed as complementary rather than as duplicative offenses.

In both, United States v. Versaglio, 85 F.3d 943 (2nd Cir. 1996) and United States v. Cefalu, 85 F.3d 964 (2nd Cir. 1996) sentences imposed under the Guidelines for criminal contempt based on the defendants' refusal to testify demonstrated that there is no clear cut Guideline provision covering one of the most standard forms of contempt: refusing to testify in violation of a valid court order. The commentary to the contempt Guideline, U.S.S.G. §2J1.1, specifically states that "because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to

vindicate the authority of the Court are highly context-dependent, the Commission has not provided a specific guideline for this offense."

Thus relying on U.S.S.G. §2X5.1 which authorizes the sentencing judge to apply the "most analogous offense guideline", both defendants were sentenced under U.S.S.G. §2X4.1, the Misprision of Felony Guideline, in determining the appropriate sentence. The Government appealed both sentences. One panel of the Second Circuit ruled, in the Versaglio case, that the use of the Misprision of Felony Guidelines was incorrect and that the Sentencing Judge should have used the Guideline for obstruction of justice, namely U.S.S.G. §2J1.2(c), "whether the obstructive conduct is the withholding of testimony after a Court order to testify or more serious conduct such as threatening a witness." (Id., at 949).

The very next day, a different panel from the Second Circuit considered the exact same issue in the Cefalu case; and this time it came to a different conclusion. This panel rejected the Government's contention that the obstruction of justice Guideline was the proper one to be utilized; and it congratulated the same Sentencing Judge for doing precisely what the Guidelines instructed - namely choosing the most analogous Guideline - which just happened to be the same provision that had been rejected by the same Court of Appeals the day before.

These two inconsistent decisions highlight the lack of specificity as to punishment under Section 401(3) and even under the guidelines. The clear implication is that the proper choice of a Guideline section (punishment) depends on which day of the week the question is asked. Due process requires that a defendant not be subjected to such arbitrary punishment.

Pursuant to the case law prior to United States v. Booker, 125 S. Ct. 738 (2005), the sentencing guidelines provide that for criminal contempt, the Court should adopt the guideline for the most analogous criminal conduct and that offense level was to be adopted. See id. § 2J1.2(c)(1).

In United States v. Brady, 168 F.3d 574 (1st Cir. 1999), the Appeals Court in addressing the confusing and unsettled nature of the penalties for a violation of 18 USC § 401(3) stated:

> On this appeal, Brady quarrels with the district court's choice of guidelines, with its legal analysis, and with its findings. In response, the government invokes our own recent decision in United States v. Marquardo, 149 F.3d 36 (1st Cir. 1998), upholding use of the obstruction guideline in somewhat similar circumstances. <u>This case presents several issues that recur in obstruction-related matters against a backdrop of</u>

confusing case law; whether we can do much to clarify the case law remains to be seen.

Under the guidelines, the offense of criminal contempt embraces misconduct so varied in type and context that "the Commission has not provided a specific guideline for this offense." U.S.S.G. § 2J1.1 app. note (1). Instead, the Commission in section 2J1.1 directs the court by cross reference to "apply the most analogous offense guideline," U.S.S.G. § 2X5.1 (Other Offenses), while noting in section 2J1.1 app. note (1) that in some cases the best analogy may be to U.S.S.G. § 2J1.2, the obstruction of justice guideline. See United States v. Ryan, 964 F. Supp. 526, 528 (D. Mass. 1997).

Brady argues that the choice of analogies is a question of law, subject to de novo review. See United States v. Hornsby, 88 F.3d 336, 338 (5th Cir. 1996). Marquardo, by contrast, said that the district court enjoyed some latitude in its choice, especially where factual issues were involved. See 149 F.3d at 45. The truth is that the choice of an analogy can involve different kinds of questions: abstract legal questions reviewed de novo, raw issues of fact reviewed under the clearly erroneous standard, and issues of law application (applying abstract standards to particular facts) where deference is common but not invariable. See Sierra Fria Corp. v. Donald J. Evans, P.C., 127 F.3d 175, 181 (1st Cir. 1997); see also United States v. Cefalu, 85 F.3d 964, 966 (2d Cir. 1996).

Where the contempt is a refusal to testify before a grand jury, Courts have resorted to several different guidelines as analogies, including the obstruction guideline, the misprision guideline, and the guideline governing the refusal of a material witness to appear. See Ryan, 964 F. Supp. at 528-30. No one of these is the "right" answer as a matter of law for all cases of refusal to testify; rather, the choice of the best analogy is likely to depend in part on the circumstances. See Cefalu, 85 F.3d at 966-68 & n.6. Once the circumstances are determined, the district court's choice of an analogy should be upheld if it is reasonable. See Marquardo, 149 F.3d at 45; Cefalu, 85 F.3d at 968.

For almost two decades, sentences for federal offenses have been imposed pursuant to the Federal Sentencing Guidelines Designed to facilitate uniformity in sentencing by accounting for the offense of conviction, the "real conduct" underlying the offense, and the individual characteristics of each defendant, the guidelines prescribe ranges of sentences that were generally binding on the district courts. *See* 18 U.S.C.A. § 3553(b)(1).

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) the Supreme Court ruled that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone. See <u>Booker</u>, 125 S. Ct. at 756. The Court noted that by virtue of § 3553(b)(1), "[t]he Guidelines as written . . . are not advisory; they are mandatory and binding on all judges" and therefore "have the force and effect of laws." <u>Id</u>. at 750.

In light of the binding nature of the federal regime, the Court found no distinction of constitutional significance between the guidelines and the state sentencing regime it evaluated and found wanting in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). *See <u>id</u>*. at 751. The Court concluded that imposing sentences based on facts found by the court alone and not by the jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence <u>exceeding the maximum authorized by the facts</u> established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id</u>. at 756.

Having determined that this feature of the federal sentencing regime was unconstitutional, the Court next decided upon an appropriate remedial scheme that would best effectuate Congress' intent in passing the Sentencing Reform Act in light of the Court's constitutional holding. *See <u>id</u>.* Rejecting a solution that would have preserved the mandatory nature of the guidelines while grafting upon them a requirement that all facts providing the basis for enhancements be found by a jury, *see <u>id</u>.* at 757, 759, the Court ruled that Congress would have preferred a solution <u>that rendered the guidelines advisory</u> and <u>restored discretion to courts to impose sentences within the range prescribed by the statutes of conviction,</u> *see <u>id</u>.* at 767-68, as long as those sentences are reasonable, *see <u>id</u>.* at 765-66.

The guidelines are now "advisory" and the Courts have the discretion to "impose sentences <u>within the range prescribed by the statutes of conviction</u>" (emphasis supplied) as long as reasonable. Since, 18 USC §401 has <u>no range of prescribed sentence</u> and the guidelines are only "advisory" Contempt (Sec. 401(3) is a criminal statute with no proscribed penalty and therefore is vague and unconstitutional in that it does not give fair warning. There can be no doubt that a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language. As the Court recognized in <u>Pierce v. United States</u>, 314 U.S. 306,

311 , "judicial enlargement of a criminal Act by interpretation is at war with a fundamental concept of the common law that crimes must be defined with appropriate definiteness. Even where vague statutes are concerned, it has been pointed out that the vice in such an enactment cannot be cured in a given case by a construction in that very case placing valid limits on the statute..."

## CONCLUSION

On the basis that the statute is constitutionally defective in that it fails to fully inform the defendant of the offense and penalty thereof of which he stands charged and hence has violated the requirement of the Due Process Clause and the Sixth Amendment that a criminal statute give fair warning of the conduct which it prohibits and the penalties for a violation, this Court lacks jurisdiction to prosecute the defendant. The defendant is being denied due process of law and therefore the defendant moves for the Court to dismiss the indictment.

*/s/ Roger Witkin*
Roger Witkin
6 Beacon Street, Suite l0l0
Boston, MA 02l08
Tel. 6l7 523 0027
Fax 6l7 523 2024
BBO No. 53l780

DATE:  August 1, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

**V.**                               **CRIMINAL NO.** 05-40012 FDS

ANTHONY P. RAYMOND

CERTIFICATE OF SERVICE

    I hereby certify that on this day a true copy of the within document was served upon AUSA Fred M. Wyshak, Jr., United States Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, MA and a courtesy copy to Lisa Roland, Courtroom Clerk for Honorable Honorable Charles B. Swartwood, III, Donohue Federal Bldg & Courthouse, 595 Main Street, Worcester, MA 01608, by mail, which was e-filed this day.

                                                  _/s/ Roger Witkin_
                                                  Roger Witkin
                                                  6 Beacon Street, Suite l0l0
                                                  Boston, MA 02l08
                                                  Tel. 6l7 523 0027
                                                  Fax 6l7 523 2024
                                                  BBO No. 53l780

DATE:   August 1, 2005