UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA    )
                            )
    v.                      )
                            )    Crim. No. 05-40012-FDS
ANTHONY RAYMOND             )
                            )

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS THE INDICTMENT

Defendant contends that the criminal contempt statute, Title
18, United States Code, Section 401, is unconstitutionally vague
and that the indictment should, therefore, be dismissed.
Defendant's argument appears to be predicated upon the fact that
the statute provides no specific penalty "and therefore is vague
and unconstitutional in that it does not give fair warning."
Defendant's Brief at p.9.  For the reasons set forth below,
defendant's motion should be denied.

### I.    Argument

Defendant's contention, i.e., that the lack of a specific
sentence within a criminal statute renders the statute
unconstitutionally vague, is novel and unsupported by any case
law.  Defendant attempts to support his argument by extrapolating
from language regarding the constitutionality of the sentencing
guidelines in the recent Booker/Blakely cases.  However, those
cases are inapposite and largely unhelpful in regard to the claim
in the case at bar.

Furthermore, the First Circuit has upheld the constitutional validity of the criminal contempt statute in essentially the same factual scenario as the case at bar. See, <u>United States v. Marquardo</u>, 149 F.3d 36, 42 (1st Cir. 1998). In <u>Marquardo</u>, the defendant was convicted of criminal contempt based upon defendant's refusal to testify before the grand jury despite the fact that the district court had issued an order pursuant to 18 USC §§ 6002, <u>et seq.</u>

A statute is unconstitutionally vague only if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." <u>Marquardo</u>, 149 F.3d at 41; <u>United States v. Angiulo</u>, 897 F.2d 1169, 1178 (1st Cir.), <u>cert. denied</u>, 498 U.S. 845 (1990), <u>quoting United States v. Harriss</u>, 347 U.S. 612, 617 (1954). "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." <u>Harriss</u>, 347 U.S. at 618. <u>See also Colten v. Commonwealth of Kentucky</u>, 407 U.S. 104, 110 (1972). As the Supreme court stated in <u>United States v. National Dairy Corp.</u>, 372 U.S. 29, 32 (1963) (citations omitted):

> The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language .... Indeed, we have consistently sought an interpretation which

2

> supports the constitutionality of
> legislation.

Accord, Chapman v. United States, 500 U.S. 453, 464 (1991)("every
reasonable construction must be resorted to, in order to save a
statute from unconstitutionality"); United States v. Seuss, 474
F.2d 385, 387 (1st Cir.), cert. denied, 412 U.S. 928 (1973).  The
First Circuit has offered guidance to courts seeking such an
interpretation.  "A statute whose terms have a commonly
understood meaning or have been clarified by judicial explanation
or by application to particular conduct is not unconstitutionally
vague."  Robinson v. Berman, 594 F.2d 1, 2 (1st Cir. 1979),
citing Rose v. Locke, 423 U.S. 48, 50-52 (1975).  See also United
States v. Bohai Trading Co., 45 F.3d 577, 580 (1st Cir. 1995)("As
we have observed in the past, statutes are not enacted on a
piecemeal basis and, accordingly, should not be read that way").

Applying these well accepted and longstanding principles,
the First Circuit found in Marquardo that "... a person of
ordinary intelligence in [defendant's] situation would have
understood that refusing to testify before the grand jury in the
face of a direct written and oral order of the district judge,
would constitute 'disobedience or resistance' to a court's
'lawful writ, process, order, rule, decree, or command.'"
Marquardo, 149 F.3d at 42.

In the case at bar, the defendant may only challenge
validity of the statute as it is applied to the particular

3

conduct at issue in this case. "[V]agueness challenges to
statutes which do not involve First Amendment freedoms must be
examined in the light of the facts of the case at hand." Village
of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S.
489, 495 n.7 (1982), reh'g denied, 456 U.S. 950, quoting United
States v. Mazurie, 419 U.S. 544, 550 (1975).   Since this case
does not implicate First Amendment rights, defendant has the
onerous burden of proving that the statute does not clearly apply
to his specific conduct. "One to whose conduct a statute clearly
applies may not challenge it for vagueness." Parker v. Levy, 417
U.S. 733, 756 (1974).   Accord United States v. Nadi, 996 F.2d 548
(2d Cir.), cert. denied, __ U.S. __, 114 S.Ct. 347 (1993).

    But the defendant must do more than argue that the language
of the criminal contempt statute sets an imprecise standard.  As
the Supreme Court explained in Village of Hoffman Estates:

>           to sustain such a challenge, the complainant
>           must prove that the enactment is vague "'not
>           in the sense that it requires a person to
>           conform his conduct to an imprecise but
>           comprehensible normative standard, but rather
>           in the sense that no standard of conduct is
>           specified at all.' Coates v. City of
>           Cincinnati, 402 U.S. 611, 91 S.Ct. 1686,
>           1688, 29 L.Ed.2d 214 (1971).  Such a
>           provision simply has no core." Smith v.
>           Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242,
>           1249, 39 L.Ed.2d 605 (1974).

455 U.S. at 495.  Put differently, a statute is not void for
vagueness "if the general class of offenses to which the statute
is directed is plainly within its terms ...."  United States v.

4

Harriss, 347 U.S. 612, 618 (1954).

The general class of offenses to which the criminal contempt statute is directed, i.e., failure to obey a court order, is plainly within its terms.

Furthermore, a requirement that conduct be committed "knowingly," "willfully" or with specific criminal intent usually precludes a finding of vagueness because to prove the offense the government must prove beyond a reasonable doubt that the defendant knew that his conduct was unlawful. Marquardo, 149 F.3d at 42; see also, Grayned v. City of Rockford, 408 U.S. 104, 113-14 (1972); United States v. National Dairy Corp., 372 U.S. 29, 35 (1963); Boyce Motor Lines, 342 U.S. at 342; Screws v. United States, 325 U.S. 91, 102-04 (1945); Hygrade Provision Co. v. Sherman, 266 U.S. 497, 502-03 (1925); United States v. Lampley, 573 F.2d 783, 787 (3d Cir. 1978); United States v. Gigante, 737 F. Supp. 292, 295 (D.N.J. 1990). As the First Circuit has reasoned, "[t]he essence of the fair warning requirement of the due process clause is that a person should not be punished for an act he could not know was criminal." Robinson v. Berman, 594 F.2d 1, 3 (1st Cir. 1979). There is no such risk when criminal intent is an element of proof. "A mind intent upon willful evasion is inconsistent with surprised innocence." United States v. Ragen, 314 U.S. 513, 524, reh'g denied, 315 U.S. 826 (1942). See also Village of Hoffman Estates, 455 U.S. at

499; cf. Colten v. Commonwealth of Kentucky, 407 U.S. 104, 110
(1972) ("[w]e believe that citizens who desire to obey the
statute will have no difficulty in understanding it ...."). 

## II.    Conclusion

For the reasons set forth above, the defendant's motion to
dismiss the indictment should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

Fred M. Wyshak, Jr.
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3201

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the
foregoing document to Roger Witkin, Esq. by depositing a copy in
the United States mail in an envelope bearing sufficient postage
for delivery to Roger Witkin, Esq., 6 Beacon Street Suite 1010,
Boston, MA  02108.

This 30th day of August 2005.

_____
Fred M. Wyshak, Jr.
Assistant U.S. Attorney

6