UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                              CRIMINAL NO. 05-40012 FDS

ANTHONY P. RAYMOND

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
OPPOSITION TO HIS MOTION TO DISMISS**

In this case the defendant Raymond moved to dismiss the indictment which charges him with contempt arguing that in, *United States v. Booker*, 125 S. Ct. 738 (2005) the Supreme Court ruled that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone. See *Booker*, 125 S. Ct. at 756. The Court noted that by virtue of § 3553(b)(1), "[t]he Guidelines as written . . . are not advisory; they are mandatory and binding on all judges" and therefore "have the force and effect of laws." *Id*. at 750.

The criminal contempt statute, 18 U.S.C. § 401(3), grants broad discretion in determining a sentence; it specifies neither minimum nor maximum penalty. *Green v. United States*, 356 U.S. 165, 188 (1958) ("Congress has not seen fit to impose limitations on the sentencing power for contempts . . . ."). The Sentencing Guidelines finally provided some specificity to the penalty for violation of the statute but they did not contain a specific guideline for criminal contempt.

However, U.S.S.G. § 2J1.1 says to apply U.S.S.G. § 2X5.1, to contempt convictions which in turn directs the Court to apply the most analogous offense guideline.

Section 401 does not mention supervised release or special assessments. Both are governed by Sentencing Guidelines provisions. Under 18 U.S.C. § 3583 and U.S.S.G. § 5D1.1, a defendant sentenced to prison for a felony or misdemeanor may also be sentenced to a term of supervised release. The length of the term of supervised release is linked to the severity of the crime.

In *Booker*, in light of the binding nature of the federal regime, the Court found no distinction of constitutional significance between the guidelines and the state sentencing regime it evaluated and found wanting in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). See *id*. at 751. The Court concluded that imposing sentences based on facts found by the court alone and not by the jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756 Having determined that this feature of the federal sentencing regime was unconstitutional, the Court ruled that Congress would have preferred a solution that rendered the guidelines advisory and restored discretion to courts to impose sentences within the range prescribed by the statutes of conviction, see *id*. at 767-68, as long as those sentences are reasonable, see *id*. at 765-66.

The guidelines are now "advisory" and the Courts have the discretion to

"impose sentences within the range prescribed by the statutes of conviction" as long as reasonable. 18 USC §401 has no range of prescribed sentence. The guidelines are only "advisory".

Therefore, Contempt [Sec. 401(3)] being a criminal statute now, once again, having no proscribed range of penalty is vague and unconstitutional in that it does not give fair warning to a person of reasonable intelligence that he faces a jail sentence of up to life in prison.

In, *United States v. Harris*, 347 U.S. 612, 617 (1954). The Court held that a statute must be struck down when it is not "sufficiently explicit" to inform those who are subject to it what conduct on their part will render them liable to its penalties. There can be no doubt that a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language.

An examination of the language of §401 shows that it suffers from just such deficiencies. It fails to specify what individuals subject to Court orders may expect as penalties for failure to obey the order.

As the Court recognized in *Pierce v. United States*, 314 U.S. 306, 311, "judicial enlargement of a criminal Act by interpretation is at war with a fundamental concept of the common law that crimes must be defined with appropriate definiteness. Even where vague statutes are concerned, it has been pointed out that the vice in such an enactment cannot be cured in a given case by a construction in that very case placing valid limits on the statute..."

3

CONCLUSION

The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct will result in a specific range of punishment as a penalty. The defendant is being denied his rights pursuant to the Sixth Amendment and the due process of law. Therefore the defendant renews his request that the Court dismiss the indictment.

*/s/Roger Witkin*
Roger Witkin
6 Beacon Street, Suite l0l0
Boston, MA 02l08
Tel. 6l7 523 0027
Fax 6l7 523 2024
BBO No. 53l780


Dated:  September 16, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES

V.  **CRIMINAL NO.** 05-40112 FDS

ANTHONY P. RAYMOND

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was served upon the attorney of record for the United States, AUSA Fred Wyshak and a courtesy copy on Martin Castles, Courtroom Clerk for Honorable F. Dennis Saylor, IV, by mail and *electronic* filing, which was e-filed this day.

> */s/ Roger Witkin*
> Roger Witkin
> 6 Beacon Street, Suite l0l0
> Boston, MA 02l08
> Tel. 6l7 523 0027
> Fax 6l7 523 2024
> BBO No. 53l780

DATE:  September 16, 2005

Case 4:05-cr-40012-FDS    Document 20    Filed 09/16/2005    Page 7 of 7