UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. |
| ANTHONY P. RAYMOND, | ) | 05-40012-FDS |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION TO DISMISS INDICTMENT

**SAYLOR, J.**

A federal grand jury indicted defendant Anthony P. Raymond on one count of criminal contempt in violation of 18 U.S.C. § 401 for refusing to obey an order of this Court requiring him to provide testimony to the grand jury pursuant to an order of immunity. On August 1, 2005, defendant filed a motion to dismiss the indictment, arguing that § 401 is facially unconstitutional in that it is vague and therefore violates his right to due process under the Sixth and Fourteenth Amendments. For the reasons set forth below, the motion to dismiss will be denied.

Section 401 provides, in relevant part: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as— . . . (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Defendant's challenge is two-fold. First, he complains that the statute "fails to inform the defendant of the penalty for violation of the statute so that he can be knowledgeable as to the consequence of a violation." Second, he complains that the statute is overly broad and

unconstitutionally vague in that it "lacks explicit standards necessary to avoid arbitrary and discriminatory application of law."

To the extent that defendant is arguing that § 401 is unconstitutionally vague for failure to put defendant on notice of the *conduct* it proscribes, that argument is squarely barred by the First Circuit's holding in *United States v. Marquardo*, 149 F.3d 36, 41-42 (1998). There, as here, the defendant refused to testify before a federal grand jury pursuant to court-ordered immunity. The court held that it was "self-evident" that "a person of ordinary intelligence in appellant's situation would have understood that refusing to testify before the grand jury in the face of a direct written and oral order of the district judge" would constitute "disobedience or resistance" to a court's lawful order. *Id.* at 42. The court accordingly held that the statute was not unconstitutionally vague by failing to give fair notice of the forbidden conduct. *Id. See United States v. Sweeney*, 52 F. Supp. 2d 164, 168 (D. Mass. 1999) (*Marquardo* controlled defendant's void-for-vagueness challenge against § 401).

Defendant's complaint that the statute is unconstitutionally vague for failure to prescribe a maximum or minimum penalty must likewise fail. Section 401 has withstood multiple void-for-vagueness challenges on the basis that it grants judges broad discretion to determine the penalty but lacks standards to guide such discretion. *See, e.g., United States v. Gracia*, 755 F.2d 984, 988-89 (2d Cir. 1985) ("[W]e find no due process flaw in congress's failure to include a maximum penalty in the criminal contempt statute."); *United States v. Martinez*, 686 F.2d 334, 341-42 (5th Cir. 1982).[1] The Supreme Court has made clear that the sentencing judge does not

---

[1] In *Gracia*, the Second Circuit also rejected defendant's argument that § 401 violated separation of powers principles because the legislature delegated unlimited authority to the courts to set penalties for the crime of contempt. In so doing, the court explained that "it has long been recognized that contempt sentences are treated differently because of the unique role they play in upholding the authority and dignity of the courts and, ultimately, in preserving the courts'

exercise unbridled discretion in this regard; the "[a]ppellate courts have[, when reviewing penalties for contempt,] a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed." *Green v. United States*, 356 U.S. 165, 188 (1958), *partially overruled on other grounds*, *Bloom v. Illinois*, 391 U.S. 194 (1968); *see Gracia*, 755 F.2d at 988-89 (collecting cases in which an appellate court changed a district court's sentencing order).

Defendant contends that the Supreme Court's opinion in *United States v. Booker,* 125 S.Ct. 738 (2005) somehow compels a contrary result.  Defendant does not explain how *Booker* changes the constitutional landscape or otherwise would compel a finding that § 401 is constitutionally infirm, other than to point out that the court's sentencing discretion is now greater due to the fact that the Sentencing Guidelines are advisory.  *Booker* is completely inapposite and does not affect the due process analysis in any respect.

For the foregoing reasons, defendant's motion to dismiss the indictment is DENIED.
**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 14, 2005

---

independence and constitutional status."  755 F.2d at 988.