UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Crim. No. 05-40012-FDS
)
ANTHONY RAYMOND )

GOVERNMENT'S STATEMENT OF RELEVANT FACTS

On November 18, 2005, the defendant pled guilty to the single count indictment in this matter charging him with criminal contempt in violation of Title 18, United States Code, Section 401(3). The facts underlying this offense are set forth below.

The grand jury was conducting an investigation into a series of fires connected to an extortion of an individual named Mark Colangelo. Colangelo owned and operated several sports bars in the greater Boston area including The Sports Zone located on Canal Street in Boston.[1] In December 2003, two fires were set at The Sports Zone which were determined to be arson by the investigating authorities. The second fire caused substantial damage to The Sports Zone.

The defendant, who was detained on another matter, was produced to testify before the grand jury on March 23, 2005. At that time, he was advised that the grand jury was conducting an

---

[1] Charges are currently pending against several individuals in the matter captioned United States v. Arthur Gianelli, et al., Crim. No. 05-10003-NMG, relating to the November 2003 arson of Colangelo's Big Dog Sports bar in North Reading, Massachusetts.

investigation into the arsons at the Sports Zone on Canal Street as well as at the Big Dog in North Reading. Relying upon his fifth amendment privilege against self-incrimination, the defendant refused to answer any questions about the arsons.

On March 30, 2005, the government obtained an order issued by United States District Judge F. Dennis Saylor compelling defendant to testify and to provide other information to the grand jury pursuant to Title 18, United States Code, Sections 6002-6003. The defendant was served with a copy of the order on March 30, 2005 and subsequently appeared before the grand jury on that day. The defendant was again advised that the subject of the grand jury's investigation concerned the arsons at the sports bar on Canal Street that occurred in December 2003. Despite the issuance of the immunity and compulsion order, the defendant continued to refuse to answer any questions.

A hearing was subsequently held before Judge Saylor on March 30, 2005 on the government's petition to hold the defendant in civil contempt for the defendant's refusal to obey the Court's order. At that hearing, the defendant reiterated that he would not obey the Court's order and would continue to refuse to answer questions before the grand jury. Judge Saylor found the defendant in civil contempt, and ordered that the defendant be incarcerated until such time as he obeyed the Court's order or the term of the grand jury expired.

The term of the grand jury did, in fact, expire without

hearing testimony from the defendant. The defendant was subsequently indicted for criminal contempt in connection with his refusal to obey Judge Saylor's order. To date, no charges have been brought against anyone in connection with the December 2003 arsons at the Sports Zone on Canal Street.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

By:    /s/ Fred M. Wyshak, Jr.   
           Fred M. Wyshak, Jr.
           Assistant U.S. Attorney